UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON ANDREW HAMPTON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:19-cv-0851 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his rights were violated during his 2009 criminal trial and requests immediate release from custody. Presently before the court is plaintiff's application for expedited review (ECF No. 13), motion to stay (ECF No. 20), application for class certification (ECF No. 23), motion to amend, and his amended complaint for screening (ECF No. 14). For the reasons set forth below, the court will grant the motion to amend, deny the application for expedited review, recommend that the motions for stay and for class certification be denied, and recommend that the amended complaint be dismissed without leave to amend.

**MOTION TO AMEND**

Plaintiff has filed a motion to amend the complaint, along with a proposed amended complaint. (ECF No. 14.) Plaintiff requests to amend the complaint because he has determined that he should have named the County of Sacramento instead of the California Department of

Justice. Because the complaint has not yet been served, the court will grant the motion to amend and screen the proposed amended complaint below.

Plaintiff also included a request to proceed under a pseudonym in his motion to amend. (ECF No. 14 at 1.) "The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).

"In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Kamehameha, 596 F.3d at 1043. "Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." Doe v. Megless, 654 F.3d 404, 408 (3rd Cir. 2011) (quotation omitted).

Plaintiff has cited only a discovery of his right to privacy in support of his request. Accordingly, the court finds that he has not made the showing required to proceed anonymously in this action and will deny his request to proceed under a pseudonym.

**SCREENING**

I. **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**I.     Does Plaintiff State a Claim Under § 1983?**

**A. Allegations in the Amended Complaint**

Plaintiff has named as defendants in this action: (1) the County of Sacramento; (2) the Sacramento County District Attorney's Office; (3) Deputy District Attorney, Kevin Green; (4) the Law Office of Michael Long; (5) Michael Long; (6) the California Superior Court of Sacramento County; (7) Judge Robert C. Hight; (8) Steven Roche; (9) the Sacramento County Sheriff's Department (10) Deputy Sheriff Hernandez; (11) California Court of Appeal, for the Third Appellate District; (12) Vance Raye, presiding justice of the Court of Appeal for the Third Appellate District; (13) the California Department of Corrections and Rehabilitation (CDCR); and (14) Ralph Diaz, Secretary of the California Department of Corrections and Rehabilitation (CDCR). (ECF No. 14 at 5-6.)

Plaintiff states a number of allegations regarding his 2009 criminal trial. Particularly, plaintiff alleges that he was not present at court while Judge Hight, the prosecutor, Kevin Green, and his trial attorney, Michael D. Long, discussed jury instructions. Plaintiff claims defendants Hight, Green, and Long conspired to abuse their powers by omitting a jury instruction relating to self-defense. (ECF No. 14 at 8.) Plaintiff has also included allegations that he was improperly placed in disciplinary housing and restricted to a liquid diet during his trial. (Id. at 7.)

**B. Habeas is the only Method to Challenge a State Court Conviction**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485

4

(1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Additionally, before plaintiff may bring an action for damages based on an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Viewing plaintiff's filings in this action as a whole, it is clear that he seeks to challenge the validity of his 2009 murder conviction. Although he has filed this case as an action under § 1983, it may not proceed as a civil rights action because an action for writ of habeas corpus is the exclusive method by which a prisoner may challenge in federal court his state court conviction. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (where a state prisoner challenges the fact or duration of his confinement, his sole remedy is a writ of habeas corpus); see also Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (citing Preiser, 411 U.S. at 489) (Section 1983 actions do not lie when a state prisoner challenges the fact or duration of his confinement and seeks immediate release from prison.).

Additionally, plaintiff is barred by Heck from pursuing a civil damages action because his conviction has not been overturned nor has it been called into question by the issuance of a writ of habeas corpus[1] from a federal court. See Wilkinson, 544 U.S. at 81-82 ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

---

[1] While the court notes that plaintiff's petition for writ of habeas corpus was granted by the Sacramento Superior Court in 2016, the grant was later overturned on appeal.

5

internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original). Accordingly, the court will recommend that the amended complaint be dismissed because plaintiff may not seek release from custody via an action pursuant to § 1983.

**II.     No Leave to Amend**

Plaintiff may not bring an action attacking his sentence and conviction until he has satisfied <u>Heck</u>'s requirement that he "first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." <u>Muhammad</u>, 540 U.S. at 751.

A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the compliant could not be cured by amendment. <u>Cato v. U.S.</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987). However, futile amendments should not be permitted. <u>See</u>, e.g., <u>DCD Programs, Ltd. V. Leighton</u>, 833 F.2d 183, 188 (9th Cir. 1987), (quoting <u>Klamath—Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983)).

The court finds that granting plaintiff leave to amend would be futile because his claims are presently barred by <u>Heck</u> and are more properly brought in a petition for writ of habeas corpus as it is clear he seeks relief related to his criminal conviction in state court.

**APPLICATION FOR EXPEDITED REVIEW**

Plaintiff has moved for expedited review of his claim. (ECF No. 13.) Plaintiff specifically seeks an order from this court issuing a writ of habeas corpus because his claims his underlying conviction was unconstitutional. (<u>Id.</u> at 2.) Plaintiff further requests that the court issue an order of interlocutory relief by entering judgment in the form of a writ of habeas corpus and ordering his immediate release. (<u>Id.</u> at 6.)

The court will deny the motion because as stated above the court has determined that plaintiff's claim is not cognizable as a civil rights action. Additionally, it has often been noted that judges in the Eastern District of California carry the heaviest caseloads in the nation, and this court is unable to devote inordinate time and resources to individual cases and matters. Thus,

plaintiff's motion will be denied insofar as he seeks to impose different time frames than this court is able to provide.

**MOTION TO STAY**

Plaintiff requests the court "stay proceedings and grant an injunction" pursuant to Federal Rules of Civil Procedure 62 and 65. (ECF No. 20 at 3.) He further states the court should "grant interlocutory relief as an equitable action to enable the plaintiff to be rightfully placed in a position to get the complaint in such shape that in the end it may be properly heard and finally adjudicated." (Id.)

Based on the courts review of this filing as well as the others in this action it appears that plaintiff seeks an order from this court stating that the California must enforce the superior court's 2016 grant of plaintiff's petition for writ of habeas corpus. However, this court has already found that such an order cannot be issued. (ECF No. 8 at 8; ECF No. 15.)

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

Plaintiff has not provided any reasoned argument to support the imposition of a stay in this action. Additionally, viewing plaintiff's filings as a whole in this action, it does not appear that he actually seeks a stay. Particularly given his request, addressed above, for expedited review of his claim. Accordingly, the court will recommend that plaintiff's motion for stay be denied.

**CERTIFICATION OF CLASS ACTION**

Plaintiff has requested a certification order under Federal Rule of Civil Procedure 23 which relates to class actions. (ECF No. 23.) It appears from plaintiff's motion that he is

////

requesting the court certify this suit as a class action because there are many other similarly situated inmates.

Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propia person in his behalf, that privilege is personal to him." Id. (citations omitted).

Because plaintiff is proceeding pro se in this matter he does not have the authority to represent other inmates. Therefore, the court will recommend that his motion for certification be denied.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 14) is granted; and
2. Plaintiff's application for expedited review (ECF No. 13) is denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for stay (ECF No. 20) be denied;
2. Plaintiff's motion for certification (ECF No. 23) be denied; and
3. Plaintiff's amended complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 4, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/hamp0851.scrn2+