UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON ANDREW HAMPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:19-cv-0851 JAM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his rights were violated during his 2009 criminal trial. This action was closed on May 6, 2020. Presently before the court is plaintiff's application for relief from judgment (ECF No. 40) and motion to amend (ECF No. 41). For the reasons set forth below, the court will recommend that the motions be granted.

**RELEVANT PROCEDURAL HISTORY**

Plaintiff initiated this action by filing the original complaint. (ECF No. 1.) Therein, plaintiff alleged his rights had been violated during the course of his criminal trial. The court screened and dismissed the original complaint for failure to comply with Federal Rule of Civil Procedure 8(a). (ECF No. 8.) Plaintiff was given thirty days leave to file an amended complaint. Upon screening the amended complaint, the court determined that the complaint should be dismissed without leave to amend because plaintiff's claims were barred by Heck v. Humphrey,

1

512 U.S. 477, 486-87 (1994). (ECF No. 25 at 5-6.) The district court later adopted the findings and recommendations, dismissed the complaint without leave to amend, and entered judgment. (ECF Nos. 38, 39.) Shortly thereafter, plaintiff filed the instant motion for relief from judgment (ECF No. 40) along with a motion to amend (ECF No. 41) and a second amended complaint (ECF No. 42).

## APPLICATION FOR RELIEF FROM JUDGMENT

### I.      Plaintiff's Motion

One day after the district court entered judgment, plaintiff's application for relief from judgment was docketed. In his motion, plaintiff indicates that he is seeking relief from the district court's order of April 7, 2020. (See ECF No. 40 at 1.) The April 7, 2020 order denied plaintiff's request for reconsideration of the district court's prior order denying his request for injunctive relief and petition for writ of mandamus. (ECF No. 15.)

Plaintiff argues that Federal Rule of Civil Procedure 60(b)(2) allows the court to grant relief based on new evidence. Plaintiff also references a pending appeal. (ECF No. 40 at 2.) However, the court notes that his interlocutory appeals have been dismissed. (See ECF Nos. 43, 44.) Plaintiff argues that his claims in both the original and amended complaints were not Heck barred because his conviction was also reversed in 2016.[1]

### II.     Legal Standards

To the extent that petitioner's filing constitutes a motion for consideration of the order dismissing the complaint without leave to amend, a motion for reconsideration is treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from a judgment or order. American Ironworkss & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 998-99 (9th Cir. 2001). Because petitioner filed his

---

[1] The court notes plaintiff has presented a 2016 superior court opinion granting plaintiff relief from his criminal conviction. However, that decision was later reversed by the Court of Appeal for California's Third Appellate District. (ECF No. 5 at 5 fn.1.)

motion within 28 days after the entry of judgment, his motion is treated as one under Rule 59(e). See Lee-Thomas v. Prince George's County Public Schools, 666 F.3d 244, 247 n.4 (4th Cir. 2012).

A Rule 59(e) motion to alter or amend the judgment is an "'extraordinary remedy which should be used sparingly.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell, 197 F.3d at 1255 n.1). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

**III.    Analysis**

In support of his application for relief from judgment, plaintiff has attached an opinion from a California Appellate Court ordering that his criminal conviction be vacated on the grounds that his trial attorney provided ineffective assistance of counsel. (ECF No. 40 at 9-30.)[2]  Plaintiff argues that the appellate court's decision warrants reversal of the district court's April 7, 2020 order denying reconsideration of his motion for injunctive relief and petition for writ of mandamus.

The newly presented evidence does not change the court's analysis of the plaintiff's motion for injunctive relief or his petition for writ of mandamus. As plaintiff has been informed, relief sought by plaintiff in both of those filings, release from custody, is not an available remedy in a § 1983 action. (See ECF No. 8 at 8; ECF No. 25 at 4-5.) However, the California Court of

---

[2] See also In re Hampton, 48 Cal. App. 5th 463 (2020).

1  Appeal's decision vacating plaintiff's criminal conviction does alter the analysis of this court's
2  determination that the claims in the amended complaint were barred by Heck.
3     Plaintiff has put forth new evidence showing that his criminal conviction has been
4  vacated. Thus, he may now pursue civil rights claims based on alleged rights violations that
5  occurred during the trial. See Taylor v. County of Pima, 913 F.3d 930, 935 (9th Cir. 2019)
6  (holding "Heck pose[d] no bar to a challenge" to a "conviction [that] ha[d] been vacated by the
7  state court"); see also  Roberts v. City of Fairbanks, 947 F.3d 1191, 1198 (9th Cir. 2020) (holding
8  Heck bar inapplicable because convictions were vacated, underlying indictments dismissed, and
9  there were no outstanding criminal judgments or charges pending against plaintiffs). Plaintiff has
10 presented evidence that warrants vacation of the court's previous finding that plaintiff's claims in
11 this action were Heck barred. Accordingly, the court will recommend that the district court
12 vacate the judgment and reopen this case.

**MOTION TO AMEND**

14    Plaintiff has filed for leave to amend the complaint on the grounds that the California
15 Court of Appeal reversed his conviction. (ECF No. 41.) As set forth above, the vacation of
16 plaintiff's criminal conviction warrants relief from judgment. Should the district court adopt the
17 recommendation to vacate the judgment and this action is reopened, the undersigned further
18 recommends that plaintiff be given the opportunity to amend the complaint. See
19 AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) ("Rule
20 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'")
21 (quoting Fed.R.Civ.P. 15(a)).

**CONCLUSION**

23    Accordingly, IT IS HEREBY RECOMMENDED that:
24    1. Plaintiff's application for relief from judgment (ECF No. 40) be granted and this action
25 reopened; and
26    2. Plaintiff's motion to amend (ECF No. 41) be granted.
27    These findings and recommendations will be submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

4

after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 10, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/hamp0851.mtn.am'd