UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ANDREW HAMPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIF., et al.,<br><br>    Defendants. | No. 2:19-cv-0851 DAD DB P<br><br><br>ORDER |

Plaintiff, proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Plaintiff alleges multiple constitutional and state law violations by multiple defendants regarding his 2009 criminal trial. Plaintiff was convicted of second degree murder in 2009 for the 2007 killing of Jonathan Giurbino. Plaintiff seeks damages and injunctive and declaratory relief.

On May 6, 2020, the district court ruled that plaintiff's claims challenging his 2009 conviction were barred because they were not cognizable in a §1983 action and his claims for damages based on that conviction were barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (ECF Nos. 25, 38.) Plaintiff sought relief from judgement and moved to amend his first amended complaint. (ECF Nos. 40, 41, 42.) Because plaintiff demonstrated that the California Court of Appeal vacated his 2009 conviction[1], the court

---

[1] Plaintiff attached a copy of the Court of Appeal's decision to his motion for relief from judgment. (ECF No. 40.)

1

1    granted plaintiff's motions and reopened this case. (ECF Nos. 45, 47.) Accordingly, pursuant to
2    28 U.S.C. § 1915A(a), this court will screen the second amended complaint (ECF No. 42).
3        Plaintiff filed the second amended complaint in May 2020. He raises multiple challenges
4    to the actions of judges, attorneys, and sheriff's department employees, among others, regarding
5    his 2009 trial. In May 2020 when he filed the second amended complaint, plaintiff's 2009
6    conviction had just been overturned by the California Court of Appeal. The Court of Appeal held
7    that the trial court erred in failing to sua sponte instruct the jury on heat of passion voluntary
8    manslaughter. (ECF No. 40 at 26-30.) The Court of Appeal remanded the case to the superior
9    court to permit the prosecution the opportunity to retry plaintiff within the time permitted by state
10   law. (Id. at 30.)
11       In 2022, the California Court of Appeal issued an opinion affirming a 2021 judgment of
12   conviction for involuntary manslaughter on the same facts underlying the 2009 conviction.
13   People v. Hampton, No. C093690, 2022 WL 1314829, at *1 (Cal. Ct. App. May 3, 2022).
14   Apparently, then, the prosecution chose to retry plaintiff for the 2007 killing of Jonathan
15   Giurbino.
16       Based on plaintiff's retrial and conviction, some claims raised in his second amended
17   complaint may no longer be actionable under Heck. The Ninth Circuit considered a situation like
18   the present one in Jackson v. Barnes, 749 F.3d 755 (9th Cir. 2014). In that section 1983 case, the
19   plaintiff sought damages related to a murder conviction that was overturned for Miranda
20   violations. Like this case, the plaintiff was later convicted on retrial. The illegally obtained
21   evidence was not introduced at the second trial. The Ninth Circuit held that the plaintiff's civil
22   rights action was not barred by Heck because the plaintiff's civil rights claims were based on the
23   Miranda violations. Therefore, a favorable decision on those section 1983 claims would not
24   affect the validity of the second conviction.
25       Based on plaintiff's retrial and conviction in the present case, plaintiff may only pursue
26   claims in this section 1983 action that would not, should he succeed, affect the validity of the
27   second conviction rendered in 2021. Based on the changed circumstances since plaintiff filed his
28   second amended complaint in 2020, this court finds the best course is to permit plaintiff to inform

the court whether he wishes to proceed on his second amended complaint or whether he wishes to file a third amended complaint.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall file a statement informing the court whether he wishes to proceed on his second amended complaint or whether he wishes to file a third amended complaint.

Dated: July 20, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/hamp0851.SAC pre screen